Loring, J.,
delivered the opinion of the court:
The petitioner claims of the United States the net proceeds of 68 bales of cotton.
It was objected on the part of the defendant that the cotton was the property of Seigmund Berg, and that his executrix is the only party who can maintain this suit, and that it is brought by the claimant in her individual name and in her own right. The petition filed in 1^67 shows that the suit is so brought.
By the common law the legal title of the personalty of a testator vested in the executor in autre droit, and the reason why the property so vested was, that the executor was responsible to creditors to the extent of the whole estate that came to his hands, whatever the direction of the will as to its disposition might be.
As the legal title of the property was absolute in the executor, his assent to a legacy was necessary to vest it in its legatee, who, without such assent, could maintain at law no action for it; but, on the assent of the executor, the legal title of the property vested in the legatee from the date of the will which gave it; and in all cases this assent of the executor might be implied as well as expressed.
The rule is the same when the executrix is the legatee, and her assent is to be procured like that of any other legatee, i. e., it may be expressed or implied. The rule as laid down by Gibbs, C. J., in Doe v. Sturgis, (7 Taunton, 223,) and adopted by the text books, (2 Williams on Executors, 1184,) is as follows: <{If an executor, in his manner of administering the property, does any act which shows he has assented to the legacy, that shall be taken as his assent; but if his acts are referable to his character of executor, they are not evidence of assent to the *635 legacy.” And tlie question bere is whether the evidence shows that Mrs. Berg assented to the legacy given to her by the will, and when!
The evidence is that Mrs. Berg, on 15th April, 1864, stored this cotton with Mr. Patten, and took his receipt for it, as deliverable to her on payment of advances and charges. And this she did, not as executrix, but in her own name, and therefore expressly in her own right, exactly as she brought this suit. And it is not easy to see how she could have made her assent to the legacy and her appropriation of the cotton more explicit. And this was according to her right, for the evidence shows that the estate was solvent, and that the property was residuary property, and that fact was as fixed then as now, so that no right or consideration of creditors intervened; and such being the case, she had the same right legally and morally to deliver this cotton to herself, and fix its title in herself, that she would have had to deliver a specific legacy to the person to whom it was bequeathed.
It was objected on the part of the defendants that the order of the ordinary discharging Mrs. Berg as executrix was made in June, 1868, nearly a year after this suit was brought. But that is immaterial, for the only use of the discharge is to show that the estate was a solvent estate, and this cotton residuary property. It was not necessary to authorize the executrix to assent to the legacy and vest it in the legatee. And it could have no such force, for such acts of the executrix must be done while she is executrix, and not after her discharge from her office and the determination of her official authority.
The evidence of the receipt for the storage of the cotton shows that her assent to the legacy and her appropriation of the property were before her petition for her discharge, and this was proper. But it' does not show or indicate that such assent and appropriation were before the debts were jmid and distribution ordered. And the ordinary’s certificate of discharge states and proves that she had “ faithfully and honestly discharged the trust and confidence” reposed in her, and is conclusive evidence of her compliance with the requirements of the laws of Georgia in that particular.
On this part of the case the evidence shows that Mrs. Berg, as executrix, had assented to her legacy and appropriated the property, and vested the title in herself as early as 15th April, *636 1864, and thus owned and was possessed of it in her own right when it was seized by the United States in February, 1865.
It was also objected that, under the will, Mrs. Berg was not the only legatee, but the whole estate “is given to her for life, remainder to the children in equal shares, with the privilege to claimant to dispose of the same by will among the said children; and that if she could sue, she could only sue by joining the children.”
On this statement she alone could sue here, for she alone would be entitled to the possession of the property claimed. In such a case a court of equity might in its discretion require her to give security for the protection of the children’s interests, but we have no such power, and therefore could not trammel her recovery with any such requirement.
But the case is not as stated : in the first place, the remainder to the children is contingent on her dying intestate, and she therefore has the power and the legal right to defeat such remainder, so that the case for requiring her to secure the children’s interest does not arise on the facts.
In the next place, this contingent remainder of the children is postponed to her power, to bequeath the property to such of the children as she may elect, and this is a mere possibility in the children, giving them no present estate, for it cannot be known to which of them she may bequeath the property at her death, or which of them may then be living, so that neither of them has any right of possession, or right of action, or any vested interest.
We think the action well brought, and we find, as conclusions of law, that under the will of Seigmund Berg, a copy of which is hereto annexed, the said Mina Berg took an estate for life in-said cotton.
That as executrix of the will she assented to the legacy given to her thereby, and vested tlie title of the cotton in herself for life in her own right previous to its seizure by the United States in February, 1865; that she is entitled to maintain this suit in her own name and right.